The Honorable LeRoy Dangeau State Representative 1105 Killough Road North Wynne, AR 72396-2456
Dear Representative Dangeau:
You have presented the following question for my opinion:
 If a county received a grant from the Economic Development of Arkansas Fund Commission for the purpose of starting a wood grinder project, and the quorum court enacted an ordinance directing the county judge to use the grant money to buy new equipment, can the county use road department money to buy used equipment for the road department, then sell the used equipment to the county's wood grinder project and use the proceeds to buy new equipment for the road department?
RESPONSE
It is my opinion that the answer to this question will depend upon a number of factual considerations that I am not in a position to evaluate, including the nature of the equipment that would be purchased and re-sold to the wood grinder project, any restrictions stated in the grant documents, and any restrictions stated in the ordinance directing the use of the grant money.
I note that your correspondence does not indicate the specific nature of the equipment in question. I also note that I have not been provided with a copy of the ordinance. You have provided me with a copy of the grant application, which contains a statement of the amount granted, followed by the signature of the Chair of the Economic Development of Arkansas Fund Commission. I have not been provided with any other documents related to the grant.
Assuming that the equipment in question is road-related equipment, the use of "road department money" to purchase the equipment is not, on its face, impermissible. It is not clear from your correspondence whether, in referring to "road department money," you are referring to the county's traditional road fund (authorized by Amendment 61 to the Arkansas Constitution, and by A.C.A. § 26-79-101 et seq.), or to the county's State Aid Road Fund (authorized by A.C.A. § 27-72-305 et seq.). Both of these funds are restricted in the manner in which they can be used. Under the provisions of Amendment 61, the traditional county road fund must be used "for the sole purpose of constructing and repairing public roads and bridges within the county wherein levied." Similarly, A.C.A. § 26-79-105
requires that road tax revenues be used for "the opening, construction, and repair of roads in the road districts in the county[.]" A.C.A. §26-79-105(a). The State Aid Road Fund must be used "exclusively for the construction, reconstruction, and improvements of roads on the state aid road system." A.C.A. § 27-72-312(a). If the equipment in question falls within these descriptions, the use of "road department money" to purchase the equipment is permissible. The fact that the equipment may be "used" equipment rather than new equipment is immaterial unless the county has enacted an internal policy prohibiting purchases of used equipment. The fact that the equipment may later be sold is also immaterial, but the sale must comply with the requirements of law governing sales of county property. See A.C.A. § 14-16-105. The county should also be cognizant of the requirement stated in A.C.A. § 14-16-113, as follows:
 Upon the sale of county property which the county purchased with funds from the county road fund, the proceeds of the sale shall be paid into the county road fund. If, in addition to county road funds, other funds were used by the county to purchase the property, then the amount to be paid into the county road fund shall be a portion of the proceeds determined by using the ratio of the amount of county road funds used by the county in purchasing the property to the full purchase price paid by the county.
A.C.A. § 14-16-113.
If the equipment purchased by the county falls within the authorized uses of road department money, and if the county complies with the above-stated requirements for the sale of county equipment, the county's purchase of the equipment is permissible on its face.
Another issue that will bear upon the permissibility of the arrangement you have described is whether any of the grant documents restricted the use of the grant money. The Economic Development of Arkansas Fund (which has now been abolished, see Acts 2001, No. 1681, § 2) was administered by the Economic Development of Arkansas Fund Commission. A.C.A. §§ 19-6-472;26-59-122(a)(2). The Commission was authorized to promulgate rules and regulations concerning the disposition and allocation of the fund. A.C.A. § 26-59-122(a)(3). The rules and regulations that were promulgated by the Commission contained a section concerning conditions for disbursement of fund monies. That section stated:
 (a) After an application has been approved by the Commission, the following conditions and requirements shall be met prior to the release and disbursement of any financial assistance funds:
 (1) Unless otherwise provided by the Commission, all plans, specifications and engineering reports for the Project must be submitted to the Commission.
 (2) Applicant, Commission and all other necessary parties, must have executed all necessary instruments and documents, in form and content acceptable to the Commission.
 (3) The applicant must execute financial assistance documents with the Commission setting forth the terms of the financial assistance.
 (b) The financial assistance documents will provide the terms and conditions of the financial assistance including, but not limited to, restrictions on the use of funds.
Economic Development of Arkansas Fund Commission Regulations, Section I (10) (emphasis added).
I have not been provided with copies of any financial assistance documents governing the grant that is the subject of your question. If such documents exist, they must be examined to determine any restrictions on the use of the grant money that was received by the county. The sale of the used equipment to the grinder project must comply with any such restrictions. I note that the grant application document that you have provided me does not include any explicit statement of restrictions.
Finally, the arrangement you have described must comply with the ordinance directing the manner in which the grant money is to be used. If, for example, the ordinance directed that the grant money be used to purchase a particular type of equipment, or that is be used to buy only new equipment, the county must comply with those restrictions.
Because, as discussed above, the issued you have raised will require consideration of various factual matters, I am unable to opine definitively in response to your question. A thorough evaluation of these various facts must be undertaken in order to determine the permissibility of the arrangement you have described.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General